# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **TRACY BRIAN BROWN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil action No.: 4:24-cv-02670** |
| | § | |
| | § | |
| **FRED REYNOLDS, DONALD L.** | § | |
| **DEBLANC, FLOYD WINKLER,** | § | |
| **JOHN DOE, JOE KING,** | § | |
| **KEN PAXTON, KIM OGG,** | § | |
| **CITY OF HOUSTON, TEXAS,** | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| **COURT OF CRIMINAL APPEALS,** | § | |
| **AND SECTION 552 OF THE GOV'T** | § | |
| **CODE,** | § | |
| *Defendants.* | § | |
| | § | |

## DEFENDANT FLOYD WINKLER'S RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Floyd Winkler ("Officer Winkler") files this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Officer Winkler would respectfully show the Court as follows:

## Table of Contents

Table of Contents ........................................................................................................ 2

Table of Authorities ................................................................................................... 3

**Nature and Stage of Proceedings** ........................................................................ 4

    I.    Statement of Issues ........................................................................... 5

    II.   Standard of Review ........................................................................... 5

Summary of the Argument ......................................................................................... 7

Argument and Authorities ......................................................................................... 8

    III.    Plaintiff's false arrestclaims are time-barred. ............................... 8

    IV.  Plaintiff's Fourteenth Amendment claims must be dismissed because Plaintiff also frames his claim under the Fourth Amendment ................................................................. 8

    V.   Plaintiff's claims against Officer Winkler are conclusory and insufficient to state a constitutional violation under Section 1983 or 1985 or overcome his qualified immunity ........ 9

        A.   Officer Winkler is entitled to qualified immunity. ....................................... 9

        B.   Plaintiff fails to plausibly allege a clearly established Fourth Amendment violation by Officer Winkler ............................................................................................... 11

            1.   Plaintiff's claims are barred by the  independent intermediary doctrine. ................ 14

        C.   As to Winkler, Plaintiff's Sixth Amendment claim should be dismissed. ................... 16

        D.   Conspiracy claims are conclusory at best. .................................................. 18

        E.   Plaintiff's "electronic ease-dropping equipment" claim is unsupported by any facts suggesting Plaintiff had a reasonable expectation of privacy in the communications with DeBlanc during the undercover operation. ......................................................... 20

        F.   Plaintiff alleges no facts to suggest Officer Winkler was personally involved in the actions at the basis of his Count 5 and 6. ............................................................. 21

        G.   Plaintiff does not point to robust controlling authority to infer any right was clearly established. ........................................................................................................ 21

Conclusion ................................................................................................................ 22

**Table of Authorities**

## Cases

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001)................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 5, 6

*Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012)................................................................... 10, 11

*Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001) ...................................... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 5, 6

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)....................................................... 6

*Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001) ...................................................................... 11

*Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022)..................................................................... 10

*Chavez v. Alvarado*, CV H-21-867, 2021 WL 3089289 (S.D. Tex. July 22, 2021) ..................... 8

*City of Tahlequah, Oklahoma v. Bond*, 20-1668, ___ U.S. ___, 2021 WL 4822664 (U.S. Oct. 18, 2021) .................................................................................................................................... 21

*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009)..................................................... 10

*Cole v. Carson*, 935 F.3d 444 ................................................................................................. 11

*Collins v. Ainsworth*, 382 F.3d 529 (5th Cir. 2004)............................................................... 10

*Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808 (5th Cir. 2010) ....................................... 11

*Curley v. Village of Suffern*, 268 F.3d 65 (2d Cir. 2001)........................................................ 12

*Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009) ............................................................... 11

*Espinal v. City of Houston, Tex.*, No. CV H-22-1149, 2023 WL 424831 (S.D. Tex. Jan. 26, 2023) ............................................................................................................................................ 12

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993)................................... 6

*Foerster v. Bleess*, 4:20-CV-1782, 2020 WL 6588731 (S.D. Tex. Oct. 16, 2020) ...................... 8

*Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011).................................................................... 8

*Gone v. Smith*, 4:16-CV-00684, 2017 WL 978703 (S.D. Tex. Mar. 14, 2017), aff'd sub nom. *Hernandez v. Smith*, 793 Fed. Appx. 261 (5th Cir. 2019) ......................................................... 8

*Goodman v. Harris County,* 571 F.3d 388 (5th Cir. 2009)......................................................... 8

*Graham v. Connor*, 490 U.S. 386 (1989) .................................................................................. 9

*Haggerty v. Tex. S. Univ.*, 391 F.3d 653 (5th Cir. 2004) ........................................................ 11

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) .............................................................................. 6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .............................................................................. 9

*Heckford v. City of Pasadena*, 4:20-CV-4366, 2021 WL 2517405 (S.D. Tex. June 18, 2021) ..... 8

*Holland v. City of Houston*, 41 F. Supp. 2d 678 (S.D. Tex. 1999)............................................. 8

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)................................................................. 5

*Jennings v. Patton*, 644 F.3d 297 (5th Cir. 2011)................................................................... 14

*Kokesh v. Curlee*, 14 F.4th 382 (5th Cir. 2021)........................................................................ 9

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013)......................................................................... 5

*Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144 (5th Cir. 2021)................... 8

*Max-George v. Houston Police Dep't*, CV H-17-2264, 2020 WL 6322283 (S.D. Tex. Oct. 28, 2020) .......................................................................................................................................... 8

*Mayfield v. Currie*, 976 F.3d 482 (5th Cir. 2020), as revised (Sept. 23, 2020) ......................... 14

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ............................. 5

*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011) (en banc)............................................... 9, 10

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996)............................................................................. 5

*O'Dwyer v. Nelson*, 310 F. App'x 741 (5th Cir. 2009) .............................................................. 9

*Pearson v. Callahan*, 555 U.S. 223 (2009).............................................................................. 10

*Petersen v. Johnson*, 57 F.4th 225 (5th Cir. 2023) ........................................................ 12

*Phillips v. Allen*, 668 F.3d 912 (7th Cir. 2012).............................................................. 12

*Saucier v. Katz*, 533 U.S. 194 (2001) ............................................................................ 10

*Scott v. Harris*, 550 U.S. 372 (2007) ............................................................................ 10

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019)........................................................ 14

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002)........................................ 6

*Tucker v City of Shreveport*, 998 F3d 165 (5th Cir 2021) ............................................... 9

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ............. 6

*Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995)................................... 11

*Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018)........................................................... 13

*Wyatt v. Fletcher*, 718 F.3d 496 (5th Cir. 2013)........................................................... 10

*Zimmerman v. Cutle*r, 657 F. App'x 340 (5th Cir. 2016)................................................. 8

Statutes

42 U.S.C. § 1983.............................................................................................................. 4

42 U.S.C.S. § 1983........................................................................................................... 9

Fed. R. Civ. P. 12(b)(6)................................................................................................ 5, 7

Fed. R. Civ. P. 8(a)(2).................................................................................................... 5

## Nature and Stage of Proceedings

1.     This is a federal civil rights case stemming from Mr. Brown's, November 8, 1990, arrest.  On July 17, 2024, Plaintiff filed his original complaint [Doc. #1].  On July 23, 2024, he filed his First Amended Complaint [Doc. #4] which is the live pleading.[1]  Against Winkler, Plaintiff asserted claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and Texas common-law.  This is the first responsive motion by Officer Winkler.

---

[1] On September 4, 2024, Plaintiff filed a Second Amended Complaint without seeking leave [Doc. #11].  Plaintiff then filed a motion for leave and attached his proposed Second Amended Complaint to his motion for leave [Doc. #14]. The Court has not granted Plaintiff's Motion for leave.

### I.    Statement of Issues

1. Plaintiff's Fourteenth Amendment claims must be dismissed because Plaintiff also frames his claims under the Fourth Amendment.

2. Plaintiff's claims against Officer Winkler are conclusory and insufficient to overcome his qualified immunity.

### II.    Standard of Review

2.    If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings.  *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *and see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice.  *Iqbal,* 566 U.S. at 678-679.  Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'"  *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

3.    To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

4.    "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts need not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (*citing Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").  Nor should courts "strain to find inferences favorable to the plaintiff. *Barilla v. City of Houston, Tex.*, 4:20-CV-0145, 2020 WL 6054939, at *2 (S.D. Tex. June 15, 2020), reconsideration denied, 4:20-CV-00145, 2020 WL 6054940 (S.D. Tex. Sept. 11, 2020).

5.    "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544.  Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal.  *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

6.    In reviewing a motion to dismiss, a district court "must consider the complaint

in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[2]

**Summary of the Argument**

7.        All of Plaintiff's claims must be dismissed.  First, Plaintiff's claims against Officer Winkler in his official capacity must be dismissed as redundant. Second, Plaintiff's Fourteenth Amendment claims must be dismissed because Plaintiff's claim is also framed pursuant to the Fourth Amendment.  Finally, Plaintiff's claims against Officer Winkler are conclusory and insufficient to overcome his qualified immunity.

8.        Plaintiff fails to plausibly allege Officer Winkler's involvement in any constitutional violation to support a § 1983 or § 1985 claim or overcome Officer Winkler's qualified immunity.  Plaintiff's claim cannot be asserted under the Fourteenth Amendment because it involves pretrial deprivation of liberty that must be analyzed under the Fourth Amendment.  Allegations of arrest without probable cause, denying confrontation of a witness, malicious prosecution, conspiracy to commit malicious prosecution or fabricating evidence alone do not support any interest implicating due process requirements.

9.        Allegations that Plaintiff was arrested on November 8, 1990, by an officer of a special operations tactical unit "raid team" pursuant to criminal conduct observed by an undercover officer for facilitating felony sale and possession of cocaine do not state any Fourth Amendment violation by Officer Winkler.  The independent intermediary doctrine bars Plaintiff's

---

[2] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing FED. R. EVID. 201(f)).

civil rights claims and state law claims.  Plaintiff admits that he was arrested by Mr. Doe and not Officer Winkler.

**Argument and Authorities**

>    **III.    Plaintiff's false arrestclaims are time-barred.**

10.    "Although state law sets out the limitations period, federal law determines when the cause of action accrues*." Powell v. Wagner*, 2018 U.S. Dist. LEXIS 229549, 2018 WL 9439864, at *2 (S.D. Tex. July 31, 2018) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).  Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reasons to know of the injury which is the basis of the action." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). "The existence of an injury for false arrest or false imprisonment does not depend on the outcome of any subsequent criminal proceedings." *Powell*, 2018 U.S. Dist. LEXIS 229549, 2018 WL 9439864, at *2 (citing *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)). The statute of limitations for false arrest and imprisonment claims begins to run when the alleged victim is first held pursuant to legal process, not the date of the arrest or imprisonment. *Wallace*, 549 U.S. at 389.

Here, based on the allegations in Plaintiff's live complaint, his claims for false arrest and malicious prosecution accrued on November 8, 1990 [Doc. #4 at ¶3].  Limitations has long-since expired.

>    **IV.    Plaintiff's Fourteenth Amendment claims must be dismissed because Plaintiff also frames his claim under the Fourth Amendment.**

11.    Plaintiff asserts he was arrested without probable cause "in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, and with deliberate indifference with respect to Brown's constitutional rights and liberty" (Doc. #4 at ¶66).  It is well settled that "an unlawful arrest claim must be analyzed under the Fourth Amendment, not the Fourteenth Amendment." *Zimmerman v. Cutle*r, 657 F. App'x 340, 341 (5th Cir. 2016). Because the Fourth

Amendment provides protection for pre-adjudication rights and if "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing th[o]se claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The right to be arrested with probable cause is protected under the Fourth Amendment, and therefore it generally cannot be brought as a Fourteenth Amendment due process claim. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010).

**V.      Plaintiff's claims against Officer Winkler are conclusory and insufficient to state a constitutional violation under Section 1983 or 1985 or overcome his qualified immunity.**

12.      To state a claim under 42 U.S.C.S. § 1983, a plaintiff must demonstrate first, a violation of the U.S. Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law.  *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009).

### A.  Officer Winkler is entitled to qualified immunity.

13.      Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc).  Qualified immunity is justified unless no reasonable officer could have acted as the defendant officer did, or every reasonable officer faced with the same facts would not have acted as the defendant officer did.  *Kokesh v. Curlee*, 14 F.4th 382 (5th Cir. 2021).  In other words, if officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact.  *Tucker v City of Shreveport*, 998 F3d 165, 172 (5th Cir 2021).  Qualified immunity is an "immunity from suit rather than a mere defense to

liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).   As such, one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive.  *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (citing *Backe v. LeBlanc*, 691 F.3d 645, 647–49 (5th Cir. 2012)).

14.    Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.  *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).  The threshold inquiry in resolving an issue of qualified immunity is whether, taking the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Scott v. Harris*, 550 U.S. 372, 377-78 (2007).   Next, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id.* at 201.  "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."  *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). *"*This requirement establishes a high bar."  *Id.*  When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity.  *Id.*  Officials "who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).  Courts have discretion to decide which prong of the qualified-immunity analysis to address first.  *Morgan*, 659 F.3d at 371.

15.    Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. *Carswell*, 54 F.4th at 311-12.  It

cannot defer that question until summary judgment. *Id.* Nor can it permit discovery against the immunity-asserting defendants before it rules on their defense. *Id.*

16.    On a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Backe*, 691 F.3d at 648 (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* at 648. *See also Cole v. Carson*, 935 F.3d 444, 474 (5th Cir. 2019) (Ho & Oldham, JJ., dissenting) (noting thirteen cases in the last sixteen years in which the Supreme Court applied the "extraordinary remedy of a summary reversal" to correct failures "not only to identify a clearly established rule of law, but to do so with *great specificity*").

### B. Plaintiff fails to plausibly allege a clearly established Fourth Amendment violation by Officer Winkler

17.    It is well-settled that ***the lack of probable cause*** is "a necessary component" of a false arrest claim.  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) ("If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails.") (emphasis omitted) (additional citations omitted); *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment . . . require a showing of no probable cause.").  An arrest made in the absence of probable cause violates the Fourth Amendment. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the

suspect had committed or was committing an offense. *Id.* at 655-56. "That fair probability of criminal conduct usually exists *just from the statement of a single eyewitness*, assuming no reliability concerns." *Jones*, 790 F. App'x at 581 (emphasis added) (citing *Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012) ("Identification by a single eyewitness who lacks an apparent grudge against the accused person supplies probable cause for arrest."); *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity[.]" (citation omitted)).

18.     In the particular context of false arrest claims, qualified immunity is a significant hurdle because it applies if an officer could have reasonably, arguably believed that there was probable cause; actual probable cause is unnecessary. *Espinal v. City of Houston, Tex.*, No. CV H-22-1149, 2023 WL 424831, at *2 (S.D. Tex. Jan. 26, 2023); *Petersen v. Johnson*, 57 F.4th 225, 232 (5th Cir. 2023) ("Actual probable cause is not necessary; merely arguable probable cause is sufficient to trigger qualified immunity.").

19.     Plaintiff fails to allege facts demonstrating Officer Winkler's personal involvement in any actionable Fourth Amendment violation.  Plaintiff expressly pleads, in Count 1, that Officer Winkler is liable for false arrest although he "had no alleged direct contact with Brown—not at the alleged transaction stage, or the arrest stage —wrote the police report in the case, and falsely listed himself as the arresting officer."  [Doc. #4 at ¶66-70, citing Docs. 1-13 at 39-40.].  Plaintiff apparently bases this claim on the fact that Officer Winkler did not personally purchase drugs from the Plaintiff or personally arrest the Plaintiff.  *Id.*

20.     First, an officer is not liable for an arrest he did not make.  Plaintiff cannot state a false arrest claim against Officer Winkler, who "had no alleged direct contact with Brown— not at the alleged transaction stage, or the arrest stage".  Doc. #4 at ¶66-70.

21.     Second, the police reports filed by Plaintiff and referenced by his amended complaint establish that Officer Winkler was among the officers who participated in the investigation leading to Plaintiff's arrest.  Doc. #1-13 at 39-50.  These documents also establish arguable probable cause for the Plaintiff's arrest.  On the date of arrest, officers of the special operations tactical unit ("raid team") were working on a complaint that narcotics were being sold at the J-Thomas Lounge, offense location. Plaintiff conversed with an undercover officer, Deblanc, outside at the entrance of the lounge while the raid team, including Officer Winkler, monitored the operation through visual observation and wired audio transmission.  The undercover officer inquired with Plaintiff about purchasing narcotics.  Plaintiff escorted the undercover officer inside the lounge, guided him to the area where narcotic transactions are made, waited alongside while the undercover officer made the narcotic transaction, escorted the undercover officer out of the lounge, asked the undercover officer for a portion of the narcotics as payment for Plaintiff's assistance in making the narcotic transaction, then sold the undercover officer a crack pipe bearing narcotic residue. [Exh. U].  Plaintiff was arrested for delivery of cocaine and possession of cocaine.  Probable cause exists in that possession of cocaine exists where there is delivery of cocaine and Plaintiff facilitated delivery of cocaine.

22.     Furthermore, under the independent-intermediary doctrine, "'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation' for the Fourth Amendment violation." *Winfrey v. Rogers*, 901 F.3d 483, 496 (5th Cir. 2018) (quoting *Jennings v. Patton*, 644

F.3d 297, 300–01 (5th Cir. 2011));  *see also, e.g., Mayfield v. Currie*, 976 F.3d 482, 486–87 (5th

Cir. 2020), as revised (Sept. 23, 2020); *Shaw v. Villanueva*, 918 F.3d 414, 417–18 (5th Cir. 2019);

*Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016).

> ### 1. Plaintiff's claims are barred by the  independent intermediary doctrine.

23.     When "facts supporting an arrest are placed before a magistrate, judge, or

other independent intermediary" and that intermediary issues a warrant, then the intermediary's

decision to cause a warrant to be issued "'breaks the chain of causation' for the Fourth Amendment

violation." *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011).   The independent

intermediary doctrine becomes relevant when—as here—a plaintiff's claims depend on a lack of

probable cause to arrest him.   Under this doctrine, "even an officer who acted with malice . . . will

not be liable if the facts supporting the warrant or indictment are put before an impartial

intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision

'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police

Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016) (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir.

1988) (quoting Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982)).   The Fifth Circuit's

"precedents have applied this rule even if the independent intermediary's action occurred after the

arrest, and even if the arrestee was never convicted of any crime."  *Buehler*, 824 F.3d 548, 553-

54.

24.     The Court can take judicial notice that an independent intermediary, a grand

jury, responsible for questioning probable cause in accordance with the Constitution, indicted

Plaintiff [Exhibit 1].  A Harris County grand jury indictment Plaintiff on December 14, 1990, for

delivery of less than 28 grams of crack cocaine to an undercover police officer at the J. Thomas

Lounge.  Doc. #1-14 at 59 ¶3.  The indictment identified two prior felony convictions for unlawful

possession of cocaine out of Dallas County.  Doc. #1-14 at 59 ¶3.

25.    The indictment establishes probable cause and "breaks the chain of

causation for false arrest" and the decision to hold Brown in jail.  *Taylor v. Crowe*, No. 21-20673,

2022 U.S. App. LEXIS 31273 (5th Cir. 2022) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170

(5th Cir. 2009.  The indictment in this case signified that, as a matter of law, the grand jury found

probable cause that each element of the offense was met.  *Taylor v. Crowe*, LEXIS 31273 at * (5th

Cir. 2022) (citing *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1976)).  It is immaterial that the charge

against Brown was ultimately dismissed.  *Id.* (holding the same and explaining, "It is immaterial

that Taylor was not charged with a crime related to the stop that preceded his flight or that the

charge under Texas Penal Code § 38.04 ultimately was dismissed.").  *See also Pierson v. Ray*, 386

U.S. 547, 555 (1967); *Buehler v. City of Austin/Austin Police Dep't.*, 824 F.3d 548, 554 (5th Cir.

2016).  Brown has not alleged any facts suggesting or supporting that the grand jury's decision to

indict was materially tainted by intentional fabrications by Officer Winkler.  *Taylor v. Crowe*,

LEXIS 31273  *See also Anokwuru v. City of Houston*, 990 F.3d 956, 963-64 (5th Cir. 2021).

26.    Plaintiff was  Hence, Plaintiff's First Amended Complaint fails to plead

facts to overcome the independent intermediary doctrine or Officer Winkler's qualified immunity.

27.    There is an exception to the independent-intermediary doctrine: when the

***defendant*** withholds relevant information or otherwise misdirects the independent intermediary

by omission or commission.  *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (emphasis added)

(*citing Buehler*, 824 F.3d at 555).  To survive a motion to dismiss under this "taint" exception, the

plaintiff must plead facts supporting the inference that the defendant withheld or misdirected the

independent intermediary.  *See id.*  Plaintiff has not done so.

28.    The taint exception does not apply to Officer Winkler in the absence of any

allegation that Officer Winkler intentionally misdirected or concealed facts from the independent intermediary.  *See id.; cf. McLin*, 866 F.3d 690-91.  Plaintiff alleges that Officer Winkler falsely testified at both trials but alleged nothing to suggest he did so in front of the grand jury who found probable cause [Doc. #4 at ¶78].  *See Espinal v. City of Houston*, 96 F.4th 741, 745 (5th Cir. 2024) ("Because a grand jury indicted Espinal, we can start (and end) our analysis with the independent intermediary doctrine.").  What is more, Plaintiff's only complaint against Officer Winkler with respect to the probable cause is that Officer Winkler "wrote the police report in the case, and falsely listed himself as the arresting officer" citing his exhibits T and U, which were not attached to his First Amended Complaint [Doc. #4 at ¶70].[3]  Plaintiff alleges no facts to plausibly suggests that Officer Winkler somehow misdirected or concealed facts from the grand jury who indicted Plaintiff.  Plaintiff's false arrest claim against officer Winkler must fail.

### C.  As to Winkler, Plaintiff's Sixth Amendment claim should be dismissed.

29.    Plaintiff similarly argues that "Defendant Winkler's act of tampering with governmental documents by falsely putting his own name as the arresting officer …or omitting said information, denied Brown a fundamental fairness of the trial process as well as the constitutional right of confrontation of a key witness against him." Doc. #4 at ¶72.  Plaintiff's allegations seem to define "arresting officer" extremely narrowly, as if he was entitled to cross-examine the person who ultimately placed him in handcuffs, rather than the officers who were involved in the undercover operation for which he was charged and later convicted [Doc. #4 at ¶29].  Plaintiff's allegations do not suggest he was deprived of his right to confront the officers with the most knowledge of the offense.  To the contrary, Plaintiff alleges that during the first trial,

---

[3] To the extent Plaintiff refers to the same Exhibits T and U that were attached to his Original Complaint, exhibit T is not "police report" [Doc. #1-13 at 47] Plaintiff's exhibit U is the incident report that identifies Winkler as a "witness" [Doc. #1-13 at 43] and lacks any affirmative representations to suggest Winkler was the "arresting officer."

his counsel cross-examined DeBlanc, who was the undercover officer who purchased cocaine during this operation [Doc. #4 at ¶¶34, 39]. Plaintiff further alleges that during the second trial, both DeBlanc and Winkler testified, which would also have enabled Plaintiff's counsel to cross-examine them [Doc. #4 at ¶¶46-47]. A plaintiff is not necessarily deprived of his sixth amendment right to confrontation merely because the state did not call everyone involved in the undercover operation to testify. *See, e.g., United States v. De Los Santos*, 810 F.2d 1326, 1335 (5th Cir. 1987) (holding no sixth amendment violation when confidential informant was neither disclosed or presented for testimony).

30.     But in any event, Plaintiff alleged no facts to plausibly suggest Officer Winkler had any authority to control how or what evidence would be presented at trial. The Texas Constitution authorizes municipalities to prosecute fine-only crimes and violations of city ordinances in municipal courts but grants the power to enforce state criminal laws exclusively to the locally elected district and county attorneys. Tex. Const. Art. II, Sec. 1, Arts. III-IV, Art. V, SECS. 21 & 30. Plaintiff fails to plausibly establish Winkler's personal involvement in the violation of clearly established constitutional right related to the Sixth Amendment right of confrontation.

31.     Rather, Plaintiff merely alleges that Officer Winkler was simply a witness, for which he has absolute immunity. The United States Supreme Court reiterated the importance of witness immunity in *Briscoe v. LaHue*, 460 U.S. 325 (1983), which held that all witnesses, including law enforcement officials, have absolute immunity from civil liability for perjured testimony offered at trial. "In light of common-law immunity principles, 42 U.S.C.S. § 1983 does not impose liability on judges, prosecutors, and other persons acting under color of law who perform official functions in the judicial process." *Briscoe v. Lahue*, 460 U.S. 325, 326. "The

same is true for witnesses, including police officers, who testify in judicial proceedings. Witnesses are 'integral parts of the judicial process' and, accordingly, are shielded by absolute immunity." *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S. Ct. 496, 500 (1985) (citing *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)).

### D.  Conspiracy claims are conclusory at best.

32.     "[T]o prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990).  To avoid dismissal, a plaintiff first must show "a*n actual violation of section 1983*." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995); *see also Morales v. Carrillo*, No. EP-19-CV-217-PRM, 2021 U.S. Dist. LEXIS 31005, 2021 WL 664854, at *10 (W.D. Tex. Feb. 19, 2021) ("the Court must first identify a violation of clearly established federal law").  A plaintiff cannot establish that a conspiracy occurred by merely alleging it happened through conclusory allegations with no factual support. *Watsky v. Williamson Cty.*, No. 1:21-CV-374-RP, 2024 U.S. Dist. LEXIS 123730, at *8-9 (W.D. Tex. July 15, 2024) (quoting *Hicks v. Bexar Cnty., Tex.*, 973 F.Supp. 653, 676 (W.D. Tex. 1997), aff'd sub nom. *Hicks v. Bexar Cnty.*, 137 F.3d 1352 (5th Cir. 1998) ("Conclusory allegations of conspiracy in a Section 1983 lawsuit are insufficient, absent reference to material facts, to state a substantial claim of federal conspiracy or withstand scrutiny under either Title 28 U.S.C. Section 1915(e) . . . .").  Allegations of conspiracy without facts demonstrating prior agreement between defendants cannot survive a motion to dismiss. *Watsky v. Williamson Cty.*, No. 1:21-CV-374-RP, 2024 U.S. Dist. LEXIS 123730, at *8-9, citing *Hey v. Irving*, 161 F.3d 7, *3 (5th Cir. 1998) (holding that "plaintiffs' bare conclusory allegation that '[a]ll three defendants demonstrated a meeting of the mind' absent any specific facts showing that the defendants reached an agreement to violate their rights, is not sufficient to plead

a § 1983 conspiracy").  Plaintiff does not allege facts establishing either a prior agreement by Officer Winkler to enter a conspiracy, or a deprivation of Plaintiff's clearly established rights in furtherance of that conspiracy.

33.    To state a claim under § 1985, a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States. *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (per curiam) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)).  And in the Fifth Circuit, a successful Section 1985 claim requires a showing of racial animus. *See Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("[I]n this circuit . . . the only conspiracies actionable under section 1985(3) are those motivated by racial animus.").  Plaintiff does not allege any equal protection deprivation actionable under section 1985.  Plaintiff does not allege facts establishing Officer Winkler's agreement and participation in a racially discriminatory conspiracy or acted in furtherance of such a conspiracy to cause a deprivation of Plaintiff's constitutional rights.

34.    With respect to his Count 3, Plaintiff alleges that Winkler "engaged in the conspiracy to maliciously prosecute Brown" [Doc. #4 at ¶79].  But Plaintiff's allegations are conclusory.  Indeed, Plaintiff suggested that one member of the "conspiracy" was his own court-appointed counsel, Fred Renolds [Doc. #4 at ¶¶82-83].  In short, Plaintiff pleads conspiracy against everyone involved in his underlying criminal proceedings, based on nothing more than the assumption that there was a conspiracy because he was ultimately convicted.

35.    The Fifth Circuit's opinion in *Cantu v. Moody*, 933 F.3d 414 (5th Cir. 2019) is analogous.  There, the plaintiff alleged that two of the defendants "[d]iscussed and willfully and

knowingly agreed with other DEFENDANTS to fabricate evidence ... in order to have [Cantú] convicted. Id. at 420.  The Fifth Circuit held such allegations were conclusory and amounted to "nothing more than a formulaic recitation of the elements" of his claim.  *Id*. (*citing Iqbal*, 556 U.S. at 681).

36.    Just as in this case, Plaintiff's allegations that Officer Winkler, in concert with members of the raid team or any codefendant, falsely arrested, conspired to maliciously prosecute or fabricated evidence against Plaintiff are speculative and conclusory, and amount to nothing more than hope and a prayer [Doc. #4 at ¶79].  Officer Winkler's mere presence and assistance in the undercover operation, without more, cannot overcome his qualified immunity. To overcome Officer Winkler's qualified immunity, Plaintiff has the burden to identify a case prohibiting the alleged conduct on similar facts, but he cannot.  *See Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020).  Therefore, Plaintiff's conclusory allegations do not rise above the speculative level and do not overcome Officer Winkler's qualified immunity.

**E.  Plaintiff's "electronic ease-dropping equipment" claim is unsupported by any facts suggesting Plaintiff had a reasonable expectation of privacy in the communications with DeBlanc during the undercover operation.**

37.    Plaintiff alleges that "Defendants Winkler and DeBlanc violated Brown's right to the Fourth, Fifth and Fourteenth Amendments by utilizing and electronic ease-dropping equipment…" [Doc. #4 at ¶87].  But this claim rest on the assumption that Plaintiff had a constitutionally protected reasonable expectation of privacy regarding their oral communications. *See Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 211 (5th Cir. 2001).  The law is clear that there is no violation of the Fourth Amendment by the use of an undercover source using video or audio equipment. *United States v. Brathwaite,* 458 F.3d 376, 380 (5th Cir.2006). The Fifth Circuit explained as follows:

It is clear that audio surveillance by or with the consent of a government informant does not constitute a search. *United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). The Fourth Amendment does not protect "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Id.* at 749 (internal quotations omitted). Furthermore, [i]f the conduct and revelations of an agent operating without electronic equipment do not invade the defendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks. *Id.* at 751.

35.    Plaintiff's Count 4 should be dismissed.

**F.  Plaintiff alleges no facts to suggest Officer Winkler was personally involved in the actions at the basis of his Count 5 and 6.**

38.    Personal involvement is an essential element of a civil rights cause of action. *Tuttle v. Sepolio*, 68 F.4th 969, 975 (5th Cir. 2023); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).  As Plaintiff pleads no facts to plausibly suggest Officer Winkler had any role in the state's postconviction process (Count 5) or responding to TPIA requests (Counts 6 and 7), these claims should be dismissed,

**G.  Plaintiff does not point to robust controlling authority to infer any right was clearly established.**

39.    Nor has Plaintiff pled that, based upon robust consensus of authority, a reasonable officer would have known that Officer Winkler's actions were unlawful.  Indeed, Plaintiff cites not one single case to suggest *any* action by Officer Winkler equated to a clearly-established constitutional violation of which every reasonable officer would have known.  *See City of Tahlequah, Oklahoma v. Bond*, 20-1668, ___ U.S. ___, 2021 WL 4822664, at *3 (U.S. Oct. 18, 2021) ("Neither the panel majority nor the respondent have identified a single precedent finding a Fourth Amendment violation under similar circumstances.  The officers were thus entitled to

qualified immunity."). Accordingly, Plaintiff's First Amended Complaint fails to plead facts to overcome Officer Winkler's qualified immunity.

**Conclusion**

For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted against Officer Winkler. Therefore, Officer Winkler respectfully requests that this Court grant his motion and dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

Date: October 1, 2024         By:    */s/ Joy Thomas*
                                      Joy Thomas
                                      Sr. Assistant City Attorney
                                      ATTORNEY IN CHARGE
                                      SBN: 24086802
                                      FBN: 3892483
                                      832.393.6434
                                      joy.thomas@houstontx.gov
                                      CITY OF HOUSTON LEGAL DEPARTMENT
                                      900 Bagby, 4th Floor
                                      Houston, Texas 77002
                                      832.393.6259 Facsimile

                                      ***Attorney for Defendant,***
                                      ***Floyd Winkler***

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via email and certified mail to the following:

Tracy Brian Brown
3814 Pebble Garden Lane
Katy, TX 77449
greytiger63@yahoo.com


_/s/ Joy Thomas_____
Joy Thomas