Case 4:24-cv-02670   Document 93   Filed on 03/27/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACY BRIAN BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02670 |
| | § | |
| FRED REYNOLDS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court are the defendants', Ken Paxton ("Paxton"), Floyd Winkler ("Winkler"), City of Houston, Texas ("Houston"), Kim Ogg ("Ogg"), Harris County, Texas ("Harris County"), motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 16, 22, 45, 68). The plaintiff, Tracy Brian Brown ("Brown"), has filed responses to the defendants' motions (Dkt. No. 13, 24, 30), and the defendants have filed replies (Dkt. No. 28, 41, 88). After reviewing the motions, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendants' motions should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

Tracy Brown's complaint alleges that he was wrongfully convicted and imprisoned for 32 years due to severe misconduct by law enforcement officers, prosecutors, and his own court-appointed defense attorney. He asserts that his conviction was based on fabricated evidence, perjured testimony, and tampered government documents. Brown was arrested in 1990 near a Houston lounge, and he claims that the arresting officer was never identified or made to testify.

The prosecution's key witness, Officer Donald Lynn DeBlanc, allegedly engaged in a conspiracy to falsely implicate Brown in a drug transaction, contradicting the testimony of two defense witnesses who stated Brown was not present during the incident. Allegedly, another officer, Floyd Winkler, provided false testimony, fabricated evidence, and tampered with police reports to further incriminate Brown.

Brown also accuses Assistant District Attorney Joe King of knowingly using perjured testimony and fabricated evidence to secure a conviction, despite being aware that the case lacked probable cause. Additionally, Brown's court-appointed attorney, Fred Reynolds, allegedly acted against his interest by failing to secure a key defense witness and conceding Brown's guilt during closing arguments without his consent. After his conviction, Brown claims he was denied access to exculpatory evidence for over 27 years because government agencies allegedly used legal statutes to block his attempts for post-conviction relief. He claims these actions violated his constitutional rights to "due process" and "equal protection" under the federal constitution. Finally, Brown argues that his case reflects a broader pattern of officials prioritizing convictions over justice; hence, he seeks redress and damages for the years of wrongful imprisonment he endured.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## IV. ANALYSIS & DISCUSSION

Tracy Brown, while his underlying conviction was dismissed due to ineffective assistance of counsel, was neither exonerated nor found innocent of the charges. Specifically, the trial court and jury found that probable cause existed for the arrest and conviction. *Ex parte Brown*, No. WR-25,632-03, (Tex. Crim. App. June 15, 2022). As a result, he lacks standing to pursue his current claim against any of the defendants.[1]

Moreover, even assuming arguendo that standing existed, Brown's claims are time-barred, as more than two years have elapsed since the accrual of his cause of action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motions to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on March 27, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

---

[1] Given the lack of standing, the Court need not address any additional arguments raised by Brown or the defendants, including those related to immunity, as such considerations are moot.